UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SOUTHERN FOREST WATCH, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIV NO. 3:13-cv-116 (HOOD/GUYTON) |
| SECRETARY OF THE INTERIOR SALLY JEWELL, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
TO ORDER DEFENDANTS TO PARTICIPATE IN DISCOVERY**

Come plaintiffs, through counsel, and file this brief in support of their motion to order defendants to participate in discovery and shows as follows:

**I. Facts**

Plaintiffs' complaint alleges different causes of actions, including violations of laws respecting proper administrative process and review of the administrative record surrounding the backpacker tax.

Plaintiffs complaint goes beyond a review of the administrative record surrounding the backpacker tax.

This case includes defendants' illegal practices of allowing one (1) private resort and associated individuals *exclusive* access to portions of the Great Smoky Mountains National Park.

This case also involves defendants illegally closing camp sites and moving a trail away from a former politician's home adjacent to the national park's boundary and possibly illegally

1

conveying property rights and interests from within the Great Smoky Mountains National Park to this former politician.

The case involves allegations that the defendants may be illegally allowing certain companies or individuals to have preferential access to the Great Smoky Mountains National Park.

Plaintiffs also seek to discovery backcountry usage details that will reflect the defendants' backpacker tax have in fact illegally impaired citizens' use and enjoyment of the Great Smoky Mountains National Park.

This case also involves the defendants using misrepresentation, disinformation and fraudulent representations to try to encourage public support of the new backpacker tax. In other words, defendants have lied, cheated and stolen from citizens of the United States of America.

There are other causes of action, including declaratory relief.

Attached as an Exhibits hereto are drafted requests for admissions which reflect the dishonest public misinformation campaign put forth by the defendants. Plaintiffs plan on starting discovery with these requests for admissions.

Counsel for the parties in this case have conferred on several occasions about the case; however, plaintiffs understand the defendants' contend absent dismissal of this case, this case is only a record review case of the federal administrative record and thereby exempt from the rules of discovery. Defendants will not agree to a discovery plan pursuant to Rule 26.

**II.     Law and Argument**

Rule 26(d) is titled "Timing and Sequence of Discovery", and it sets forth the outline for discovery in cases pending before this court. Part of that rule provides:

> "...(1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order..."

Subsection (f) provides the party are required to participate in a conference and provide a plan for discovery. Counsel for plaintiffs and defendants have had a number of phone conferences which included discussions about discovery.

Defendants contend this case is simply an administrative record review case, and plaintiffs contend it is much more.

Plaintiffs assert it is not the function of the Courts to protect the government from claims of its citizens, but to protect the citizens from the taking of rights held by the citizens.

How does the Court know what has been deleted from and/or added to the federal administrative record maintained by the government, particularly in the time frame the issues arose?

Plaintiffs show there is no basis or distinction between the general members of the public as plaintiffs to this suit and those with political influence able to received benefits from the National Park Service.

To assert what the facts of this case show are merely an administrative hearing is to cut off basic facts that show improper discrimination against these plaintiffs.

Plaintiffs request a ruling from the court that this is not merely an administrative review case, but a case to be fully adjudicated.

Respectfully submitted this 19th day of December, 2013.

/s/ J. Myers Morton
J. Myers Morton      BPR#: 013357
MORTON & MORTON, PLLC
Attorney for Plaintiffs
1518 N. Broadway
Knoxville, Tennessee, 37917
Telephone: (865) 523-2000
Facsimile: (865) 546-4860
myersmorton@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been furnished to William C. Killian and Loretta S. Harber, US Attorneys by the Court's electronic system and email from the undersigned.

This 19th day of December, 2013.

/s/ J. Myers Morton