UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SOUTHERN FOREST WATCH, INC., et al., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIV. NO. 3:13-cv-116 (HOOD/GUYTON) |
| SECRETARY OF THE INTERIOR, SALLY JEWELL, et al., | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT[1]

Federal Defendants (Defendants), by and through William C. Killian, United States Attorney for the Eastern District of Tennessee, pursuant to Fed. R. Civ. P. 12(a)(4), submit their Answer to Plaintiffs' Amended Complaint as follows:

### I. JURISDICTION AND VENUE

1.  Paragraph 1 constitutes a jurisdictional statement, not allegations of fact, and therefore, no response is required.

2.  Paragraph 2 constitutes conclusions of law to which no response is required. To the extent a response is required, venue is admitted.

3.  Paragraph 3 constitutes a jurisdictional statement, not allegations of fact, and therefore, no response is required.

---

[1] On March 24, 2014, the Court entered a Memorandum Opinion and Order [Ct. Doc. 32] regarding Defendants' Motion to Dismiss [Ct. Docs. 14,15 and 27]. The Court ruled that Plaintiffs may go forward only "on their claims challenging the imposition of the backpacker permit camping fee and decision to grant a license." Mem. Op., p. 21. Accordingly, Defendants' responses to Plaintiffs' Amended Complaint will be limited to those allegations and counts that pertain to the claims specified and allowed by the Court.

1

4. Paragraph 4 constitutes a conclusion of law to which no response is required.

5. Paragraph 5 constitutes conclusions of law to which no response is required.

6. Paragraph 6 constitutes a conclusion of law to which no response is required.

7. Paragraph 7 constitutes a conclusion of law to which no response is required.

8. Paragraph 8 is in the nature of a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or to any relief.

## PARTIES

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendants admit the allegation in Paragraph 11.

12. Regarding Paragraph 12, Defendants deny that Kenneth D. Salazar presently serves as the Secretary of the United States Department of the Interior (Secretary) and state that Sally Jewell was sworn in as Secretary on April 12, 2013, and currently serves in that capacity.

13. Defendants admit the allegation in Paragraph 13.

14. Defendants admit the allegation in Paragraph 14.

15. Regarding Paragraph 15, Defendants deny that Dale A. Ditmanson presently serves as the Superintendent of the Great Smoky Mountains National Park (GRSM) and state that Pedro Ramos is the current Acting Superintendent of the GRSM.

16. Regarding Paragraph 16, Defendants deny that Alan Sumeriski presently serves as the Acting Deputy Superintendent of the GRSM and state that he has been replaced by Patricia

Wissinger, who is currently the Assistant Superintendent of the GRSM.

## NATURE OF THE LAWSUIT

17-24. Paragraphs 17 through 24 constitute Plaintiffs' characterization of the "nature of the lawsuit." Paragraphs 17 through 24 set forth a historical narrative of Plaintiffs' perception of backcountry camping access to GRSM visitors and Plaintiffs' dissatisfaction with the administrative process that led to the implementation of a backcountry camping fee, an online reservation system, and alleged political patronage and favoritism. To the extent Paragraphs 17 through 24 constitute Plaintiffs' characterization of the "nature of the lawsuit" and do not allege specific facts that give rise to the lawsuit, no response to said paragraphs is required. To the extent a response is required, Defendants generally deny Paragraphs 17 through 24.

## FACTS GIVING RISE TO THIS LAWSUIT

25. Paragraph 25 constitutes a conclusion of law to which no response is required.

26. Paragraph 26 constitutes a conclusion of law to which no response is required.

27. Paragraph 27 constitutes a conclusion of law to which no response is required.

28. Paragraph 28 constitutes a conclusion of law to which no response is required.

29. Paragraph 29 constitutes conclusions of law to which no response is required.

30. The allegations set forth in Paragraph 30 purport to generally characterize the "creation and organization" of the Smoky Mountains. Defendants only admit that the GRSM was established by Congress, pursuant to 16 U.S.C. § 403. The Court is referred to the cited legislation for a true and complete statement of its provisions. Defendants deny any allegations contrary to the plain language and meaning of the cited legislation.

31. The allegations set forth in Paragraph 31 purport to characterize and quote from 16 U.S.C. § 403, which speaks for itself and is the best evidence of its contents. The Court is referred to the

3

cited legislation for a true and complete statement of its provisions. Defendants deny any allegations contrary to the plain language and meaning of the cited legislation.

32. The allegations set forth in Paragraph 32 purport to characterize and quote from 16 U.S.C. § 403(a), which speaks for itself and is the best evidence of its contents. The Court is referred to the cited legislation for a true and complete statement of its provisions. Defendants deny any allegations contrary to the plain language and meaning of the cited legislation.

33. The allegations set forth in Paragraph 33 purport to characterize and quote from 16 U.S.C. § 403g, which speaks for itself and is the best evidence of its contents. The Court is referred to the cited legislation for a true and complete statement of its provisions. Defendants deny any allegations contrary to the plain language and meaning of the cited legislation.

34. The allegations set forth in Paragraph 34 purport to characterize and quote from a book entitled, *Birth of a National Park in the Great Smoky Mountains*, by Carlos C. Campbell. The book speaks for itself and is the best evidence of its contents.

35. The allegations set forth in Paragraph 35 purport to characterize and quote from deeds recorded in Book 106, Page 440, in the Sevier County, Tennessee, Register of Deeds office, and in Book 172, Page 55, in the Blount County, Tennessee, Register of Deeds office, which speak for themselves and are the best evidence of their contents. The Court is referred to the cited deeds for a true and complete statement of their provisions. Defendants deny any allegations contrary to the plain language and meaning of the cited deeds.

36. The allegation set forth in Paragraph 36 characterizes Plaintiffs' opinion as to the nature and purpose of the GRSM, which, as an opinion, speaks for itself and to which no response is required. To the extent a response is required, Defendants admit that the GRSM is for present and future generations to enjoy.

37.     Defendants admit that, prior to the establishment of the backcountry camping fee in 2013, a no-charge registration/permit system for backcountry camping was in place at the GRSM but deny that the registration system was voluntary.   The permit and reservation system has a history of being modified to meet Park management objectives at any given time.   Any allegations set forth in Paragraph 37 not consistent with this admission are denied.

38.     Defendants admit that there are approximately 850 miles of trails throughout the GRSM, including approximately 100 backcountry campsites.   Defendants further admit that there are various levels of amenities offered at the backcountry campsites.   Any allegations set forth in Paragraph 38 not consistent with this admission are denied.

39.     To the extent the allegations in the first and second sentences of Paragraph 39 pertain to GRSM camping conditions prior to the implementation of the new backcountry camping reservation system, Defendants only admit that there were no charges for backcountry camping and no reservations required for 62 % of the backcountry campsites.   Defendants admit the allegations in the third sentence of Paragraph 39.   Any allegations set forth in Paragraph 39 not consistent with this admission are denied.

40.     Defendants admit the allegations in the first and third sentences of Paragraph 40, except to clarify that there are various levels of amenities offered at the backcountry campsites.   As to the second sentence in Paragraph 40, which comprises a parenthetical, Defendants deny the first clause of the parenthetical.   As to the second clause of the parenthetical sentence, Defendants clarify that some bear cables were installed by paid Park staff and participants in the Volunteers-In-Park Program whose legal status is that of unpaid Park staff.

41.     Defendants admit the allegations in Paragraph 41.

42.     Defendants admit only that backcountry campsites have no refuse containers or

5

receptacles, no interpretive signs, exhibits or kiosks, no marked tent or trailer spaces, no drinking water, and most do not have toilet facilities. Defendants deny all remaining allegations in Paragraph 42.

43. To the extent the allegations in Paragraph 43 pertain to GRSM camping conditions prior to the implementation of the new backcountry camping reservation system, Defendants admit sentence one, but clarify that approximately 38%, not 20% of campsites were "reserved campsites." Defendants deny the second sentence of Paragraph 43.

44. As to the allegations in the first sentence of Paragraph 44, Defendants admit only that, under the previous registration system, reservations for the Appalachian Trail Shelters and other designated campsites were required at no charge. Defendants admit the allegations in sentence two. The allegations set forth in sentences three and four characterize Plaintiffs' opinion as to what might happen when a park visitor attempted to make a reservation by phone, which, as an opinion, speaks for itself and to which no response is required. To the extent a response is required, the allegations set forth in sentences three and four are denied.

45. Defendants admit the first sentence of Paragraph 45. The allegations set forth in sentence two characterize Plaintiffs' opinion and speculation as to whether backpackers would have "concerns or worries" about being prepared to "show [their] papers," which, as an opinion, speaks for itself and to which no response is required. To the extent a response is required, Defendants deny the allegations in sentence two, but state that backpackers were required to have a verified permit and would be expected to produce the permit if asked to do so by GRSM personnel.

46. As to the first sentence of Paragraph 46, Defendants admit only that, prior to the establishment of the backcountry camping fee in 2013, there was no charge for camping in the backcountry of the GRSM. All other allegations of the first sentence are denied. As to the

6

Case 3:13-cv-00116-TWP-HBG   Document 35   Filed 05/07/14   Page 6 of 12   PageID #: 349

second sentence, Defendants admit only that the registration/permit system was in operation for many years and any allegations in sentence two inconsistent with this admission are denied.

47. Defendants admit the first sentence of Paragraph 47. The second sentence purports to characterize and quote from a brochure, entitled "Permits and Planning, Permits, How and Why" which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the plain language and meaning of the cited brochure.

48. The allegation set forth in Paragraph 48 characterizes Plaintiffs' opinion as to the efficacy of the former backcountry camping reservation system, which, as an opinion, speaks for itself and to which no response is required.

49. Defendants deny the allegations in Paragraph 49, but would state that permissions were sought by the Park Superintendent from the Office of the Director of the National Park Service (NPS).

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegation contained in the first sentence of Paragraph 52. Defendants admit the allegations in the second, third, and fourth sentences of Paragraph

53. The allegations set forth in Paragraph 53 purport to characterize and quote from the undated memorandum sent by the NPS Regional Director, Southeast Region, to the NPS Acting Associate Director of Business Services, in Washington, DC. This memorandum speaks for itself and is the best evidence of its contents.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants admit the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny Paragraph 59, except to only admit that with no reservation system in place, some campsites periodically would become overcrowded.

60. The allegation in sentence one is vague and ambiguous, for it does not specify who or what stated that campsites had been "overrun" and Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegation; therefore it is denied. Defendants would state that, prior to the implementation of the backcountry camping fee and reservation system, many verbal complaints were received by Park staff regarding overcrowding at some campsites. Furthermore, there was no formal system in place to archive written, or record oral, complaints. Regarding the second sentence, Defendants deny that Plaintiffs' FOIA request revealed a "total of fifteen complaints for the previous three years," but would clarify that the FOIA request only disclosed fifteen written complaints resulting from a proper FOIA search, and did not take into account written complaints that had not been archived or could not otherwise be found, or oral complaints received by Park staff.

61. Defendants deny the allegations in Paragraph 61.

62. The allegations set forth in Paragraph 62 characterizes Plaintiffs' opinion regarding civic engagement meetings related to the backcountry camping fee, which, as an opinion, speaks for itself and to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64

65. The allegations set forth in Paragraph 65 purport to characterize and quote from 16 U.S.C.

§ 3, which speaks for itself and is the best evidence of its contents. The Court is referred to the cited legislation for a true and complete statement of its provisions. Defendants deny any allegations contrary to the plain language and meaning of the cited legislation.

66. Defendants admit the allegation in sentence one of Paragraph 66, except to clarify that the Ace Gap Trail existed for decades within, and outside of, the GRSM. The allegation in sentence two references a map from the Blount County Property Assessor, which speaks for itself and is the best evidence of its contents.

67. Defendants deny Paragraph 67, except to only admit that tract 1.13 was acquired by former Tennessee governor, Don Sundquist, sometime before 2004 and that the Ace Gap Trail was legally relocated off this privately owned tract of land.

68. Paragraph 68 constitutes a legal conclusion of law to which no response is required. To the extent a response is required, Paragraph 68 is denied.

69. Assuming Plaintiffs' reference to "the third party/former politician" in Paragraph 69 is a reference to former Tennessee Governor Don Sundquist, Defendants deny Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants admit the allegations in Paragraph 71, with the clarification that a sign post with a mounted map box was located outside the Park boundary and, any trail signs that were erected within Park boundaries by Blackberry Farm Resort were erected without permission from NPS and have since been removed.

72. Defendants deny the allegations in the first sentence of Paragraph 72. The allegations in the second and third sentences are admitted. With respect to the fourth sentence, Defendants admit that Beard Cane Trail had been temporarily closed to the public until April 2013 due to storm damage, but deny that the customers and residents of Blackberry Farm were granted a use

9

Case 3:13-cv-00116-TWP-HBG Document 35 Filed 05/07/14 Page 9 of 12 PageID #: 352

denied to the general public.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74; therefore, the allegations are denied.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77-86. Paragraphs 77 through 86 set forth Plaintiffs' allegations and personal opinions regarding the "Backpacker Reservation System" or the online reservation system. *See* Compl. pp. 20-22. It is upon these allegations and opinions that Plaintiffs based their challenge under the Administrative Procedure Act to the 2013 implementation of an online reservation system in the GRSM. On March 24, 2014, the Court ruled that Plaintiffs "do not have standing to challenge the imposition of an online reservation system," thereby dismissing the claims and counts regarding the online reservation from this lawsuit. *See* Mem. Op. [Ct. Doc.32], p. 21. Thus, because the allegations in Paragraphs 77 through 86 relate solely to the claims dismissed from this lawsuit, no response to said allegations is required.

## COUNTS I - IX

87-124. Paragraphs 87 through 124 constitute Plaintiffs' Counts I - IX and conclusions of law, not allegations of fact, and therefore no responses to these paragraphs are required. To the extent responses are required, Paragraphs 87 through 124 are generally denied.

## PRAYER FOR JUDGMENT AND RELIEF

The remainder of the Complaint constitutes Plaintiffs request for relief, to which no response is required. To the extent a response is required, Defendants deny any violation of the APA, the Federal Lands Recreation Enhancement Act, the "Organic Act" or any other law Plaintiffs have alleged was violated by Defendants, and deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever. Defendants deny any allegations of the Complaint, whether express or implied, not specifically admitted, denied or qualified herein.

## AFFIRMATIVE DEFENSES

Defendants raise the following affirmative defenses:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction to review Plaintiffs' claims.

        Respectfully submitted,

        WILLIAM C. KILLIAN
        United States Attorney

        s/Loretta S. Harber
        Loretta S. Harber (BPR No. 007221)
        Assistant United States Attorney
        Attorney for Defendant
        800 Market Street, Suite 211
        Knoxville, Tennessee 37902
        Telephone: (865) 545-4167
        Email: loretta.harber@usdoj.gov

Courtney Shea, Esq.
John Coleman, Esq.
Office of the Field Solicitor
U.S. Dept. of Interior
530 S Gay St., Rm. 308
Knoxville, TN 37902

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2014, a copy of Defendants' foregoing Answer to Amended Complaint was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to Plaintiffs' attorney, J. Myers Morton, who is registered as a user of the electronic case filing system as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

        s/ Loretta S. Harber
        Loretta S. Harber
        TN BP#: 007221
        Assistant United States Attorney
        800 Market Street
        Suite 211
        Knoxville, TN 37902